UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES A. LEE, JR., et al. | * | CIVIL ACTION NO. 07-9157 |
| | * | |
| VERSUS | * | SECTION "N" |
| | * | |
| UNITED STATES OF AMERICA | * | MAGISTRATE (2) |

### ORDER AND REASONS

Before the Court is the **Motion for Summary Judgment (Rec. Doc. 17)** by Defendant United States of America. The motion is opposed. After considering the parties' memoranda, the Complaint, and the applicable law, the Court grants the motion as stated herein.

### I. BACKGROUND

Plaintiff James A. Lee, Jr. ("Lee") is a 58 year old male who was treated at a Veterans Administration hospital in New Orleans, Louisiana starting in September 2003. At the time he began treatment, his doctors noted a history of diabetes, hypertension, arthritis, and high blood pressure. Lee had several follow-up appointments in the fall of 2003, and his doctor ordered an echocardiogram and stress test in January 2004. The test was performed on February 12, 2004, and it revealed a risk for a cardiac event. Doctors performed a catherization procedure that confirmed the need for bypass surgery, which was performed on February 19, 2004 without incident.

On May 10, 2005, Lee and his dependents filed a SF-95 administrative claim with the VA concerning his late-2003 to early-2004 treatment, claiming that the VA failed to timely diagnose his heart condition from his first visit in September 2003 until the tests and surgery were performed in February 2004. The claim was denied and Lee and his dependents filed the present suit, claiming damages arising from a delayed diagnosis of heart disease.

## II. ANALYSIS

### A. *Standard for Summary Judgment*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S.

2

at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather,

3

a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B. Negligence and the Standard of Care**

Under Louisiana law, a plaintiff claiming medical malpractice bears the burden of proving: (1) the applicable standard of care, that is, the degree and knowledge which must be possessed by a healthcare provider in the field in question; (2) a breach of that standard; and (3) that the breach of that standard was a cause of the injuries. LA. REV. STAT. ANN. §§ 9:2794 (a)(1)(2)(3); *see also Martin v. East Jefferson Gen'l Hosp.*, 582 So.2d 1272, 1276 (La. 1971); *Bolten v. Louisiana St. U. Med. Center*, 601 So.2d 677, 681 (La. App. 1992); *Bryant v. St. Paul Fire and Marine Ins. Co.*, 382 So.2d 234, 238 (La. App. 1980).

Under Louisiana law, expert testimony is required to establish the applicable standard of care and breach of that standard. *See Hemilngway v. Ochsner Clinic*, 722 F.2d 1220, 1224-25 (5th Cir. 1984) (citing *Steinbach v. Barfield*, 428 So.2d 915, 919 (La. App. 1983), *writ denied*, 435 So.2d 431 (1983)). This is especially true in a case where the defendant files a motion for summary judgment supported with expert opinion evidence that the treatment met the applicable standard of care. *Chinchilla v. United States*, 1999 WL 993640, *2 (E.D. La. Nov. 2, 1999) (*citing Lee v. Wall*, 726 So. 2d 1044, 1046 (La. App. 2 Cir. 1999)). While there are limited exceptions to this rule in cases where negligence is apparent even to a layman, *see id.*, "courts have continued to require expert testimony in medical malpractice cases when the medical and factual issues are complex and outside the province of a lay juror's common knowledge." *Thomas v. United States*, 2005 WL 757268, *9 (E.D. La. March 31, 2005).

4

Lee is proceeding *pro se*, and the Court accordingly construes his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, this is not a case in which negligence is apparent even to a layperson, and as such Lee must bring forward competent medical testimony to survive summary judgment. His failure to produce any expert medical testimony whatsoever regarding the applicable standard of care, much less any alleged breach of that standard, and the link between that alleged breach and damages, is fatal to his claim. This is especially true in light of the fact that the United States has offered expert testimony from a physician in practice for more than 20 years, who reviewed the record and concluded that the VA did not deviate from the standard of care and that earlier diagnosis would not have changed Lee's prognosis. *See* Mot. at Ex. 3 (Hanson declaration). Lee has failed to offer any evidence of breach of the standard of care, and accordingly the Court grants summary judgment.[1]

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that Defendant's **Motion to for Summary Judgment (Rec. Doc. 17)** is hereby **GRANTED**, and the case is **DISMISSED WITH PREJUDICE**. The pre-trial conference scheduled in this matter for Thursday, April 23, 2009 is **CANCELLED**.

New Orleans, Louisiana, this 20th day of April, 2009.

KURT D. ENGELHARDT
United States District Judge

---

[1] Additionally, the Court notes that Lee's surgery went forward without incident and that he has suffered neither a myocardial infarction nor a myopathy. It is unclear precisely what damages Lee is claiming he suffered, but in any event, he has not offered any evidence that they are related to any breach of the standard of care committed by the VA.